ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| FRANCES ELIZABETH GRAU CESANÍ<br><br>Recurrida<br><br>v.<br><br>ATLANTIC UNIVERSITY COLLEGE, INC.<br><br>Peticionarios | KLCE20230006 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2022CV10065<br><br>Sobre: Despido Injustificado |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez, el Juez Rodríguez Flores, y el Juez Monge Gómez.

Figueroa Cabán, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece Altantic University College, Inc., en adelante AUC o el peticionario, y solicita la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, se declaró No Ha Lugar una petición de conversión para un trámite ordinario en el caso por despido injustificado instado por Frances Elizabeth Grau Cesaní, en adelante la Sra. Grau Cesaní o la recurrida, al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq*, en adelante Ley Núm. 2.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

Número Identificador

RES2023_____

**-I-**

Surge del expediente que la Sra. Grau Cesaní radicó una *Querella*[1] por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, y del procedimiento sumario laboral dispuesto por la Ley Núm. 2. Solicitó el pago de la mesada y de los honorarios de abogado.

Por su parte, AUC presentó su *Contestación a Querella*[2] en la que negó que se configurara un despido injustificado. A su vez, solicitó la desestimación de la reclamación, más el pago de las costas, gastos y honorarios de abogados por frivolidad y temeridad, o en la alternativa, que se tramite el caso por la vía ordinaria.

Adujo, entre otras alegaciones, que la señora Grau Cesaní era una "empleada fantasma" y que participó en un "esquema ilegal" junto a su familia inmediata para defraudar a AUC con el propósito de financiar la operación de la empresa de su esposo. Con la *Contestación a Querella* incluyó 62 anejos.

Finalmente, alegó, que "por tratarse de un fraude millonario contra AUC" requería un extenso descubrimiento de prueba, por lo cual la reclamación aún no podrá tramitarse por la vía sumaria que regula la Ley Núm. 2.

Posteriormente, el peticionario presentó una *Solicitud para que se ventile el caso bajo el procedimiento ordinario por razón del fraude cometido por Heriberto Martínez Abreu*[3] en la que arguyó, en

---

[1] Apéndice del peticionario, págs. 1-9.
[2] *Id.*, págs. 10-38.
[3] *Id.*, págs. 299-301.

síntesis, que "para exponer con todo el rigor el fraude cometido por Grau Cesaní y su familia inmediata", solicita que "se tramite el caso por la vía ordinaria para realizar un descubrimiento amplio y vigoroso que le permita a AUC probar todas sus defensas".[4]

En desacuerdo, la Sra. Grau Cesaní sometió una *Oposición a Solicitud de Conversión*.[5] Arguyó, como cuestión de umbral, que AUC no fundamentó su solicitud para cambiar el trámite a uno ordinario, ya que, en esencia, se limitó a alegar que el caso era complejo, argumento rechazado consistentemente por la jurisprudencia aplicable. Además, sostuvo que la querella no presenta múltiples causas de acción o reclamaciones adicionales al despido. Finalmente, a su entender, el peticionario no expuso razones para justificar que la evidencia pertinente para esbozar sus defensas en la reclamación del despido injustificado no se puede obtener mediante los mecanismos de descubrimiento de prueba que permite el trámite sumario.[6]

Luego de varios trámites procesales, el TPI emitió una *Resolución*[7] en la que determinó que:

> En el caso que nos ocupa, solo se está reclamando el pago de mesada por un alegado despido injustificado. Por tanto, los documentos, información, prueba testifical y documental sobre las razones del despido, personas que participaron de la decisión, trámites internos de la empresa, evidencia contable del patrono, faltas cometidas en el manejo de fondos de Atlantic, fraude económico, etc. se encuentra en posesión y bajo control de la parte [peticionaria] y/o sus representantes.

---

[4] *Id.*, pág. 300.
[5] *Id.*, págs. 306-309.
[6] *Id.*
[7] *Id.*, págs. 314-316.

El hecho que se reclame que el alegado fraude es uno millonario no justifica la conversión. Tampoco es algo que no se pueda atender con la intervención del tribunal ampliando el descubrimiento de prueba en su momento y de ser necesario. Por otro lado, el tribunal guarda discreción para permitir que se efectúe descubrimiento adicional, permitir deposiciones a testigos o requerir información que no esté en el expediente de personal o en manos del patrono o [la recurrida].

. . . . . . . .

Una vez iniciado el descubrimiento inicial[,] el tribunal podrá ser puesto en posición de ejercer su discreción y ampliar el alcance de éste. Esto estará enmarcado a la luz del descubrimiento especifico que necesiten y el trámite restante.[8]

Por entender que erró el TPI en su determinación, AUC presentó la *Petición de Certiorari* ante nuestra consideración en la que aduce que el TPI incurrió en el siguiente error:

ERRÓ EL TPI Y VIOLÓ EL DEBIDO PROCESO DE LEY DE AUC, LA POLÍTICA PÚBLICA EN CONTRA DE LA CORRUPCIÓN EN EL MANEJO DE FONDOS PÚBLICOS ESTATALES Y FEDERALES DESTINADOS A LA EDUCACIÓN, Y ACTUÓ DE FORMA ULTRAVIRES AL DENEGAR LA SOLICITUD PARA QUE SE VENTILE EL CASO BAJO EL PROCEDIMIENTO ORDINARIO.

Examinados la *Petición de Certiorari*, la *Oposición a Certiorari y Solicitud de Desestimación por falta de Jurisdicción* y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[9] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos

---

[8] *Id.*, pág. 316.
[9] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

**B.**

Es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o

---

[10] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[11] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[12] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas. Además, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[13]

### -III-

Luego de examinar cuidadosamente el expediente, consideramos improcedente ejercer nuestra discreción e intervenir con la determinación interlocutoria impugnada. Consideramos que el remedio y la disposición del dictamen cuestionado no son contrarias a derecho.

Además, la etapa del procedimiento en que se presenta el recurso ante nos no es la más propicia para su consideración.

Por otro lado, visto desde la perspectiva del trámite del litigio ante su consideración, entendemos que la determinación impugnada no presenta indicio alguno de arbitrariedad, abuso de discreción, ni conducta judicial que justifique nuestra intervención.

Finalmente, no hay ningún otro fundamento, al amparo de la Regla 40 de nuestro Reglamento, que amerite la expedición del auto.

---

[12] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera Durán v. Banco Popular*, 152 DPR 140, 154 (2000).
[13] *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones